IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROY N. HENSON, JR., 883968, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | No. 3:10-CV-932-M |
| ) | |
| RICK THALER, Director, Texas ) | |
| Dept. Of Criminal Justice, Correctional ) | |
| Institutions Division, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Parties**

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). He brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent is Rick Thaler, Director of TDCJ-CID.

**II. Background**

On July 23, 1999, Petitioner was convicted of capital murder and sentenced to life in prison. *State of Texas v. Roy Henson*, No. F-9855038-I (2nd Crim. Dist. Ct. No. 4, Dallas County, Tex., July 23, 1999). On March 8, 2001, Petitioner's conviction and sentence were affirmed on direct appeal. *Henson v. State*, No. 05-99-01349-CR (Tex. App. – Dallas, pet. ref'd). On October 31, 2001, the Texas Court of Criminal Appeals denied Petitioner's petition

for discretionary review. PDR No. 871-01.

On April 11, 2005, Petitioner filed a state habeas petition. *Ex parte Henson*, No. 68,314-01. On December 12, 2007, the Texas Court of Criminal Appeals denied the petition without written order on the findings of the trial court.

On May 4, 2010, Petitioner filed this federal petition for habeas relief. Petitioner argues:

(1)   he received ineffective assistance of trial counsel;

(2)   he received ineffective assistance of appellate counsel;

(3)   the evidence was insufficient to support the conviction; and

(4)   the state court failed to timely process his state habeas petition.

On December 15, 2010, Respondent filed a preliminary response arguing that the petition is barred by limitations. On January 13, 2011, Petitioner filed a reply. The Court now finds the petition should be dismissed as time-barred.

**II.  Discussion**

**A.    Statute of Limitations**

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d 481 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

**(1)    Claims Challenging Conviction**

In most cases, the limitations period begins to run when the judgment becomes final after

direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[1] This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2).

The Fifth District Court of Appeals affirmed Petitioner's conviction on March 8, 2001. On October 31, 2001, the Texas Court of Criminal Appeals denied the petition for discretionary review. The conviction became final ninety days later, on January 29, 2002. *See* Sup. Ct. R. 13; *see also Roberts v. Cockrell* 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires regardless of when mandate issues). Petitioner then had one year, or until January 29, 2003, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

U.S.C. § 2244 (d)(2).  On April 11, 2005, Petitioner filed a state habeas petition.  This petition was filed after the AEDPA limitations period expired.  It therefore did not toll the limitations period.

Petitioner was required to filed his § 2254 petition by January 29, 2003.  He did not file this petition until May 4, 2010.  The petition is therefore untimely.

### (2)   Claims Challenging Habeas Review

Petitioner claims the state court failed to timely process his state habeas petition.  On December 12, 2007, the Court of Criminal Appeals denied Petitioner's state habeas petition.  Petitioner therefore knew of his claim on this date, or could have known of his claim with the exercise of due diligence.  Petitioner did not file his § 2254 petition until May 4, 2010.  This claim is untimely.

### B.   Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases."  *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).  The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' "  *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)).  Petitioner bears the burden of proof to show he is entitled to equitable tolling.  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner argues he is entitled to equitable tolling because the state court did not timely rule on his state habeas petition and because his petition raises federal question jurisdiction. Petitioner was granted statutory tolling from the date he filed his state habeas petition on April 11, 2005, until the Court of Criminal Appeals denied the petition on December 12, 2007. He is therefore not entitled to equitable tolling for this time-period, nor would equitable tolling extend his deadline for filing. Additionally, Petitioner has stated no basis for equitable tolling by arguing that his petition raises federal question jurisdiction. Petitioner has not shown that he was misled by the state or prevented in some extraordinary way from asserting his rights. Petitioner has not shown that he is entitled to equitable tolling.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 30th day of April, 2012.

_____
**PAUL D. STICKNEY**
**UNITED STATES MAGISTRATE JUDGE**

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).